UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ELIOT FLORES,

                    Plaintiff,                              Case No. 1:18-cv-540

v.                                                          Honorable Janet T. Neff

PRISON HEALTH SERVICES et al.,

                    Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.
Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the
Court is required to dismiss any prisoner action brought under federal law if the complaint is
frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary
relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C.
§ 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*,
404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly
irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these
standards, the Court will dismiss Plaintiff's complaint against Defendants Prison Health Services,
Lafler, Miles, and Smith for failure to state a claim. The Court will order service of the complaint
on Defendants Corizon Health, Papendick, and Gerlach.

## Discussion

### I.  Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.  The events about which he complains occurred at that facility and at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan, and the Duane Waters Hospital (DWH) in Jackson, Michigan.  Plaintiff sues Prison Health Services and Corizon Health, Inc. (Corizon); Corizon's Medical Director for Outpatient Utilization Management Dr. Keith Papendick; DRF Warden Blaine C. Lafler; DRF Doctor Richard A. Miles; ICF Doctor Roger Gerlach; and ICF Warden Willie O. Smith.

Plaintiff alleges that, on July 6, 2015, while he was housed at DRF, he injured his left knee while playing basketball.  Because he was unable to walk, Plaintiff was transported to health care in a wheelchair.  Unnamed health care personnel informed Plaintiff that his knee was just bruised and probably strained.  Plaintiff was given an authorization for an ice bag, an ace bandage, and crutches, as well as Motrin for pain.

Approximately one week later, Plaintiff met with the DRF physician's assistant. Plaintiff expressed his opinion that something was seriously wrong.  The physician's assistant ordered x-rays of the knee.  Once the x-ray results came back, Plaintiff was informed by unnamed medical staff that the results were negative.  Plaintiff complained that he knew that something was wrong with his knee and requested an MRI.  The unnamed physician's assistant refused to order an MRI, indicating that the Corizon Health Care contract did not permit him to order an MRI under the circumstances.  Sometime thereafter, unnamed health care personnel took away Plaintiff's crutches and ice pack.

On October 8, 2015, Plaintiff was sent to DWH for physical therapy. During Plaintiff's therapy sessions, a physical therapist expressed the opinion that Plaintiff had something wrong with his meniscus. Plaintiff asked if a meniscus problem could be seen on an x-ray, and the therapist indicated that it could only be seen on an MRI.

Plaintiff does not indicate how long he remained at DWH, but he apparently was returned to DRF by February 16, 2016, at the latest. On that date, Plaintiff was transferred from DRF to ICF. He claims that, during the entire period from July 2015 to February 2016, he suffered from daily pain and severe swelling of the knee.

Once Plaintiff arrived at ICF, Plaintiff was again prescribed Motrin for his pain. Plaintiff subsequently was seen by Defendant Dr. Gerlach. Defendant Gerlach began treatment that included draining fluids from the knee and cortisone injections into the knee. Gerlach also prescribed naproxen for pain and inflammation. Plaintiff contends that none of the treatments were successful. At some point, Defendant Gerlach informed Plaintiff that he was not authorized to provide any additional modes of treatment. Defendant Gerlach advised Plaintiff to continue to take the naproxen.

Plaintiff complains that he continued to take the medication for over a year, but he regularly filed medical requests about his continuing and increasing pain and swelling. On May 7, 2017, health care personnel took more x-rays of Plaintiff's knee. These x-rays showed that Plaintiff had developed arthritis in his knee and that he had an injury in or around the meniscus. With these new x-rays before him, Defendant Gerlach ordered an MRI, which was conducted on May 22, 2017. Plaintiff was seen by a surgeon, Dr. Cole, on June 26, 2017, and Cole recommended surgery. Dr. Cole informed Plaintiff that the longer it took to receive surgery on a torn meniscus, the more serious the injury becomes.

On June 27, 2017, Dr. Gerlach submitted a request to Corizon to authorize surgery. On July 12, 2017, Dr. Gerlach informed Plaintiff that Corizon (apparently through Defendant Papendick) had denied the request for surgery. Defendant Gerlach told Plaintiff, however, that he intended to appeal the denial of surgery. In early August 2017, Gerlach informed Plaintiff that the second request for surgery had been authorized.

On August 16, 2017, Dr. Cole performed the knee surgery and ordered prescription pain medication. When Plaintiff arrived back at ICF, however, Dr. Gerlach immediately changed the type of pain medication ordered for Plaintiff, which Plaintiff complains caused him additional suffering.

Plaintiff complains that he suffered pain and disability for over two years before being authorized for needed surgery. Plaintiff contends that Corizon and/or Prison Health Services, Inc., together with Defendant Dr. Papendick, violated his rights under the Eighth Amendment by adopting policies that proscribe medically necessary tests and treatment and/or by refusing to authorize necessary treatment for Plaintiff. Plaintiff alleges that ICF Defendants Dr. Gerlach and Warden Smith violated his Eighth Amendment rights by not ensuring that he received medically necessary health care and by delaying his necessary surgery. Further, Plaintiff alleges that DRF Defendants Blaine Lafler and Doctor Miles, together with non-Defendants Deputy Warden Donna Schafer and Gamat Amili Isaacs, were deliberately indifferent to his serious medical needs and are liable for the delay in his treatment.

Plaintiff seeks nominal, compensatory, and punitive damages.

## II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A.      Defendants Miles, Lafler, and Smith

Plaintiff alleges that Defendant Wardens Lafler and Smith are liable under the Eighth Amendment for the delays in the treatment of Plaintiff's knee injury, because, as wardens of their facilities, they are responsible for ensuring the delivery of necessary medical care to prisoners.  Plaintiff makes no allegations against Defendant Miles, except to suggest that, as a physician at DRF, he is responsible for the failure to diagnose the nature of Plaintiff's knee problem for the seven months he was confined at DRF, less the unspecified amount of time Plaintiff was at DWH.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants.  *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim).  Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.  *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Williams v. Hopkins*, No. 06-14064, 2007 WL 2572406, at *4 (E.D. Mich. Sept. 6, 2007);

*McCoy v. McBride*, No. 3:96-cv-227RP, 1996 WL 697937, at *2 (N.D. Ind. Nov. 5, 1996); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991). Plaintiff fails to even to mention Defendant Miles in the body of his complaint. His allegations fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff implies that Defendants Miles, Lafler, and Smith are liable under the Eighth Amendment for their failures to supervise other medical personnel, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Miles, Lafler, and Smith engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

B.     Defendant Prison Health Services, Inc.

Plaintiff names Prison Health Services and Corizon as the prison medical services providers overseeing his healthcare during the relevant period.  In 2011, Correctional Medical Services, Inc. and Prison Health Services, Inc. merged to become Corizon Health, Inc.  *See* Corizon News (June 13, 2011), http://www.corizonhealth.com/Corizon-News/Corizon-Launches-From-Correctional-Healthcare-Merger1 (last visited June 22, 2018).  Since Plaintiff's claims arose in 2015 through 2017, Prison Health Services, Inc. was no longer a healthcare provider independent from Corizon.  As a result, Prison Health Services is not a proper party defendant.  The Court therefore will dismiss Defendant Prison Health Services, Inc.

C.     Defendants Corizon, Papendick, and Gerlach

Upon initial review, the Court concludes that Plaintiff has made sufficient allegations against Defendants Corizon, Papendick, and Gerlach to state a claim under the Eighth Amendment.  The Court therefore will order service of the complaint on Defendants Corizon, Papendick, and Gerlach.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Prison Health Services, Lafler, Miles, and Smith will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  The Court will order service of the complaint on Defendants Corizon, Papendick, and Gerlach.

An Order consistent with this Opinion will be entered.


Dated:   July 6, 2018                                     /s/ Janet T. Neff
                                                         Janet T. Neff
                                                         United States District Judge